NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BENJAMIN NUDGE, | : | |
| | : | |
| Plaintiff, | : | Civil No. 10-1753 (DMC) |
| | : | |
| v. | : | O P I N I O N |
| | : | |
| YOLETTE ROSS, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Benjamin Nudge, Pro Se
204039/431169A
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

**CAVANAUGH, District Judge**

Plaintiff, confined at the Northern State Prison, Newark, New Jersey, submitted this complaint alleging violations of constitutional rights, and seeking to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint must be dismissed.

BACKGROUND

Plaintiff's complaint asserts claims of false imprisonment and due process violations.  According to the complaint, Plaintiff was released from the New Jersey Department of Corrections in September of 1996.  He parole was revoked in 1997, after an arrest for third-degree assault.  Plaintiff was denied parole on numerous occasions between December 1997 and 2005.  In fact, in April of 2005, Plaintiff was denied parole and his case was referred to a three-member panel of the New Jersey State Parole Board, in order to establish a future eligibility term ("FET") outside of the state guidelines.

In June of 2006, the three-member panel established a 60-month FET for Plaintiff.  Plaintiff appealed the 60-month FET to the Parole Board, which affirmed.  Since 2007, Plaintiff has been arguing the legality of the 60-month FET under New Jersey law. He asserts that he has written letters to the named defendants outlining his challenges, and has not received adequate responses.  He does not state that he appealed the Parole Board's decision through the state courts.

Plaintiff seeks to sue various Parole and Corrections officials, and asks for monetary relief.

DISCUSSION

A.   Standard of Review

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915A, because plaintiff is a prisoner.

Recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the

_____

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

3

proposition that "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting

Twombly, 550 U.S. at 555), the Supreme Court identified two

working principles underlying the failure to state a claim

standard:

> First, the tenet that a court must accept as true all of the
> allegations contained in a complaint is inapplicable to
> legal conclusions.  Threadbare recitals of the elements of a
> cause of action, supported by mere conclusory statements, do
> not suffice ... .  Rule 8 ... does not unlock the doors of
> discovery for a plaintiff armed with nothing more than
> conclusions.  Second, only a complaint that states a
> plausible claim for relief survives a motion to dismiss.
> Determining whether a complaint states a plausible claim for
> relief will ... be a context-specific task that requires the
> reviewing court to draw on its judicial experience and
> common sense.  But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged-but it has not
> "show[n]"-"that the pleader is entitled to relief." Fed.
> Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).  The Court

further explained that:

> a court considering a motion to dismiss can choose to begin
> by identifying pleadings that, because they are no more than
> conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations.
> When there are well-pleaded factual allegations, a court
> should assume their veracity and then determine whether they
> plausible give rise to an entitlement to relief.

Id. at 1950.

Thus, to prevent a summary dismissal, a civil complaint must

now allege "sufficient factual matter" to show that the claim is

4

facially plausible.  This then "allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged.  See id. at 1948.  The Supreme Court's ruling
in Iqbal emphasizes that a plaintiff must demonstrate that the
allegations of his complaint is plausible.  See id. at 1949-50;
see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC
Shadyside, 578 F.3d 203 (3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides
the "final nail-in-the-coffin" for the "no set of facts" standard
set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that
applied to federal complaints before Twombly.  See Fowler, 578
F.3d at 210.  Now, after Iqbal, the Third Circuit requires that a
district court must conduct the two-part analysis set forth in
Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be
> separated.  The District Court must accept all of the
> complaint's well-pleaded facts as true, but may disregard
> any legal conclusions. [Iqbal, 129 S. Ct. at 1949-50].
> Second, a District Court must then determine whether the
> facts alleged in the complaint are sufficient to show that
> the plaintiff has a "plausible claim for relief." [Id.]  In
> other words, a complaint must do more than allege the
> plaintiff's entitlement to relief.  A complaint has to
> "show" such an entitlement with its facts.  See Phillips,

_____

[2]  In Conley, as stated above, a district court was
permitted to summarily dismiss a complaint for failure to state a
claim only if "it appear[ed] beyond doubt that the plaintiff can
prove no set of facts in support of his claim which would entitle
him to relief."  Conley, 355 U.S. at 45-46.  Under this "no set
of facts" standard, a complaint could effectively survive a
motion to dismiss so long as it contained a bare recitation of
the claim's legal elements.

       515 F.3d at 234-35.  As the Supreme Court instructed in
       Iqbal, "[w]here the well-pleaded facts do not permit the
       court to infer more than the mere possibility of misconduct,
       the complaint has alleged-but it has not 'show [n]'-'that
       the pleader is entitled to relief.'"  Iqbal, [129 S. Ct. at
       1949-50].  This "plausibility" determination will be "a
       context-specific task that requires the reviewing court to
       draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11.

     This Court is mindful, however, that the sufficiency of this

pro se pleading must be construed liberally in favor of

Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89

(2007).  Moreover, a court should not dismiss a complaint with

prejudice for failure to state a claim without granting leave to

amend, unless it finds bad faith, undue delay, prejudice or

futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-

111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir.

2000).

B.   **Section 1983 Actions**

     A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his or her constitutional

rights.  Section 1983 provides in relevant part:

       Every person who, under color of any statute,
       ordinance, regulation, custom, or usage, of any State
       or Territory ... subjects, or causes to be subjected,
       any citizen of the United States or other person within
       the jurisdiction thereof to the deprivation of any
       rights, privileges, or immunities secured by the
       Constitution and laws, shall be liable to the party
       injured in an action at law, suit in equity, or other
       proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.   **Plaintiff's Complaint Will Be Dismissed.**

Plaintiff's claims asserted in this complaint were originally alleged in a habeas corpus action, filed by him pursuant to 28 U.S.C. § 2254.  See Nudge v. New Jersey State Parole, 09-cv-3430 (DMC).  In that case, this Court outlined the facts of the case and found that the revocation of parole and imposition of Plaintiff's parole future eligibility term was not unconstitutional to warrant habeas relief.  See id. (Docket entry 13, Opinion).  This Court will not reproduce the substance of that Opinion in this instant Opinion, and assumes it is available to Plaintiff for reference.

Plaintiff now tries to refile these same claims under the guise of this § 1983 action, seeking monetary relief.  In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42

7

U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.   In <u>Preiser</u>, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.   <u>See</u> 411 U.S. at 476.   The prisoners did not seek compensatory damages for the loss of their credits.   <u>See</u> 411 U.S. at 494.   The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."   <u>Id.</u> at 500.

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in <u>Preiser</u>, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.   Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence

has been reversed on direct appeal, expunged by
executive order, declared invalid by a state tribunal
authorized to make such determination, or called into
question by a federal court's issuance of a writ of
habeas corpus, 28 U.S.C. § 2254.  A claim for damages
bearing that relationship to a conviction or sentence
that has not been so invalidated is not cognizable
under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further

instructed district courts, in determining whether a complaint

states a claim under § 1983, to evaluate whether a favorable

outcome would necessarily imply the invalidity of a criminal

judgment.

> Thus, when a state prisoner seeks damages in a § 1983
> suit, the district court must consider whether a
> judgment in favor of the plaintiff would necessarily
> imply the invalidity of his conviction or sentence; if
> it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or
> sentence has already been invalidated.  But if the
> district court determines that the plaintiff's action,
> even if successful, will not demonstrate the invalidity
> of any outstanding criminal judgment against the
> plaintiff, the action should be allowed to proceed, in
> the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that

"a § 1983 cause of action for damages attributable to an

unconstitutional conviction or sentence does not accrue until the

conviction or sentence has been invalidated."  Id. at 489-90.

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme

Court applied the lessons of Preiser and Heck to a state prisoner

action, seeking compensatory and punitive damages, challenging

the constitutionality of procedures used in a prison disciplinary

9

proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits.  Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment.  See 520 U.S. at 646-8.

"Considering Heck and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'" Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (quoting Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)).

Here, Plaintiff's request for damages must be dismissed based on the Preiser/Heck line of cases, as any § 1983 action challenging the parole decision is premature until such time as the decision has been otherwise invalidated.

10

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's complaint will be dismissed.  An appropriate order follows.

_____
DENNIS M. CAVANAUGH
United States District Judge

Dated: 2/22/11